IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

```
CARRIE M. WARD              *
                            *
v.                          *    Civil Action No. WMN-13-3174
                            *
JOAN E. REINHEIMER et al.   *
                            *
 *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *
```

**MEMORANDUM**

Plaintiff originally filed this case in the Circuit Court for Queen Anne's County, Maryland on January 25, 2013, seeking foreclosure on the residence of Defendants Joan and Richard Reinheimer. A foreclosure sale was held after the state court rebuffed several attempts by Defendants to avoid that result, and a final ratification of the sale was signed on September 30, 2013, and entered in the state court on October 15, 2013. Defendants filed a Chapter 13 voluntary bankruptcy petition on October 28, 2013, and then removed this case to this Court two days later, on October 30, 2013. Plaintiff has filed a motion to remand, or in the alternative, a suggestion of bankruptcy. ECF No. 8.

Before addressing the merits of the motion to remand, the Court must briefly consider whether the automatic bankruptcy stay of 11 U.S.C. § 362(a) prevents a remand. While this Court is aware of no decision from this Court or the Court of Appeals for the Fourth Circuit addressing this precise issue, courts in

other jurisdictions have consistently found that a remand does not violate the automatic stay. See Schaffer v. Atl. Broad. of Lindwood NJ LLC, Civ. No. 10-5449, 2011 WL 1884734 (D.N.J. May 17, 2011) (collecting cases). As the court in Schaffer explained, in "remanding the lawsuit to state court, a district court expresses no opinion regarding the merits of the plaintiff's claim. Instead, the district court merely determines that the appropriate forum for litigating the merits of the plaintiff's claim is a state court of general jurisdiction." Id. at *4. A "decision to remand the case is essentially a lateral move to address a procedural issue, and does not continue the case in any significant manner." Id. (internal quotations omitted).

Turning to the question of whether this case should be remanded, the Court notes that Defendants' basis for asserting this Court's jurisdiction is somewhat difficult to discern. In a pleading filed in August 2013 while this case was still in the state court, Defendants appear to suggest that this case arises in admiralty law as one involving the "inland seizure" of a "vessel in rem." ECF No. 8-4 at 3. In opposing the motion to remand, Defendants again allude to the rules of admiralty but also make reference to denials of due process and equal protection and various alleged misrepresentations made by Plaintiff in the state court. The Court, however, need not try

to parse out from Defendants' pleadings what the possible basis for the jurisdiction of this Court might be, as the Court finds that the removal was untimely and must be remanded on that ground alone.  See Link Telecomms., Inc. v. Sapperstein, 119 F. Supp. 2d 536, 542 (D. Md. 2000) (untimeliness is a defect in the removal process and when removal is untimely, "the court does not need to address the substantive grounds for removal").

Pursuant to 28 U.S.C. § 1446, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b)(1).  If, however, "the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  Id. § 1446(b)(3).

This action was filed and served on Defendants more than six months before they filed their notice of removal.  If there was some basis for this Court's jurisdiction over this action in the initial pleading, removal was improper because it was untimely.  Defendants have pointed to no amended pleading, motion, or order that allowed them to ascertain some new basis

3

for federal jurisdiction and the Court is aware of none.  The docket report from the state court, ECF No. 7, indicates that, in the thirty days prior to removal, the only documents filed were the Ratification of Sale, Plaintiff's "Opposition to Miscellaneous Filings" of Defendants, and an Order of the court finding those miscellaneous filings to be without merit.  These documents do not reveal any new basis for this Court's jurisdiction but relate to arguments that have been raised by Defendants throughout the case.  Furthermore, any potential federal issues raised in these miscellaneous filings are part of Defendants' counterclaims and defenses, and not Plaintiff's claims.  Federal defenses and counterclaims cannot form the basis for removal.  <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392 (1987) (stating "it is now settled law that a case may not be removed to federal court on the basis of a federal defense"); <u>UTrue, Inc. v. Page One Sci., Inc.</u>, 457 F. Supp. 2d 688, 690 (E.D. Va. 2006) (holding that a federally-based counterclaim by an original defendant is not eligible to serve as the basis for removal on federal question grounds).

    The removal statute is strictly construed and "where federal jurisdiction is doubtful, a remand is necessary." <u>Mulcahey v. Columbia Organic Chem. Co., Inc.</u>, 29 F.3d 148, 151 (4th Cir. 1994).  Furthermore, the party seeking removal bears the burden of demonstrating that removal jurisdiction is

proper." In re Blackwater Sec. Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006). Here, Defendants have not met even the initial burden of establishing timeliness. Accordingly, the motion to remand will be granted. A separate order will issue.

                                                     _____/s/_____
                                                   William M. Nickerson
                                                   Senior United States District Judge

DATED: January 28, 2014